UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICHARD RULEWICZ, TRUSTEE OF THE
RICHARD RULEWICZ REVOCABLE
LIVING TRUST; RICHARD A. SANDTVEIT;
EDWARD J. MAURER, TRUSTEE OF THE
EDWARD J. AND MARY C. MAURER
REVOCABLE LIVING TRUST DATED
JUNE 9, 2006; TIMOTHY P. MARTINSON;
WILLIAM E. MANTEK, TRUSTEE OF THE
WILLIAM E. MANTEK TRUST; RANDY W.
INGALLS; WILLIAM H. KIRSCHKE AND
JANE R. KIRSCHKE, CO-TRUSTEES OF
THE WILLIAM H. KIRSCHKE REVOCABLE
LIVING TRUST; DAVID H. HANSELMAN,

   Plaintiffs,

-vs-

MARATHON OIL CORPORATION, a
Delaware Corporation, MARATHON OIL
COMPANY, an Ohio Corporation,
MARATHON E.G. PRODUCTION, LTD., A
Cayman Islands Company, MARATHON E.G.
HOLDING LTD., a Cayman Island Company,
CMS ENERGY CORPORATION, a Michigan
Corporation, and CMS ENTERPRISES
COMPANY, a Michigan Corporation,

   Defendants.
_____/

Case No.  1:11-CV-587

HON.  GORDON J. QUIST

**MEMORANDUM OPINION**

   The Court has read the parties' submissions and concludes that the case should be remanded to the Ingham County Circuit Court.  Because the parties are familiar with procedural and background facts of this case, the Court need not repeat them here.

A defendant may waive the right to remove a state court action even if it files a timely notice of removal if, after the case becomes removable, the defendant manifests an intent to have the matter adjudicated by the state court. *Wolfe v. Wal-Mart Corp.*, 133 F. Supp. 2d 889, 892 (N.D. W. Va. 2001); *Haynes v. Gasoline Marketers, Inc.*, 184 F.R.D. 414, 416 (M.D. Ala. 1999). "A waiver of the right of removal must be clear and unequivocal" and the right of removal is "not lost by action in the state court short of proceeding to an adjudication on the merits." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994) (quoting *Beighley v. FDIC*, 868 F.2d 776,

Defendants waived removal by continuing to seek, and ultimately obtaining, a ruling on the merits in state court after they had notice that the case was removable. In *Jacko v. Thorn Americas, Inc.*, 121 F. Supp. 2d 574 (E.D. Tex. 2000), the plaintiff sued the defendant in state court asserting state law claims. The defendant filed a motion for summary judgment and the plaintiff responded by amending her complaint to assert a federal law claim under Title VII of the Civil Rights Act of 1964. A week later, the state court held a hearing on the defendant's motion. Thereafter, the defendant removed the case. *See id.* at 575. The federal court held that the defendant waived its right to remove by participating in the summary judgment hearing because it "constituted an affirmative invocation of the state court's jurisdiction; clearly, it intended to have the state court resolve the case."[1] *Id.* at 577. In *Bolivar Sand Co. v. Allied Equipment, Inc.*, 631 F. Supp. 171 (W.D. Tenn. 1986), during trial in state court, as a defendant was preparing to make a motion for directed verdict, the plaintiff's attorney announced that the plaintiff was taking a voluntary non-suit as to the only non-diverse defendant. Thereafter, defense counsel moved for a directed verdict and, the following day, filed a motion for mistrial. Both motions were denied and the jury rendered a

---

[1] The situation in *Jacko* was somewhat unusual because, unbeknownst to the defendant, the day before it filed its notice of removal, the state court issued its ruling granting the defendant's motion. *Id.* at 575.

verdict for the plaintiff. A day prior to the verdict, however, the defendant filed a petition for removal. *Id.* at 172. The federal court held that by making and arguing both motions and waiting until after the state court denied the motion for mistrial before filing its removal petition, the defendant demonstrated its intention to submit to the jurisdiction of the state court. *Id.* at 173. The court observed: "Having lost that motion, defendant may not now 'appeal' the state court's decision to this court by removal." *Id. See also Estate of Krasnow v. Texaco, Inc.*, 773 F. Supp. 806, 809 (E.D. Va. 1991) (holding that the defendant waived its right to remove by filing a demurrer and waiting until after the state court held a hearing and denied the demurrer before filing its removal petition); *Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1125 (D.N.M. 1998) (holding that the defendants waived their right to remove by serving discovery requests and filing a motion to dismiss and scheduling it for a hearing after the defendants should have ascertained that the case was removable).

Defendants admit in their briefs that it was apparent to them by May 10, 2011, that the case was removable. Yet, rather than filing a notice of removal or a motion to adjourn if they needed more time to file their notice of removal, Defendants participated in the hearing on their motions for summary disposition, thereby allowing the state court to rule on their motions. It was not until after the state court denied their motions that Defendants removed the case. By their actions, Defendants not only manifested an intent to litigate the merits of Plaintiffs' claim against CMS in state court, but their notice of removal alleging fraudulent joinder essentially functions as an appeal of the state court's adverse ruling. *See Jacko*, 121 F. Supp. 2d at 575. The court's reasoning in *Estate of Krasnow*, *supra*, is equally applicable here:

> After considering the arguments in favor of and against allowing defendants to remove to federal court after a state court decision on a demurrer, this court concludes that a defendant must not be allowed to test the waters in state court and, finding the temperature not to its liking, beat a swift retreat to federal court. Such

3

> behavior falls within the very definition of forum-shopping and is antithetical to federal-state comity.

773 F. Supp. at 809.

Plaintiffs request an award of costs and expenses pursuant to 28 U.S.C. § 1447(c), which provides in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Marathon Defendants did not respond to this request. The CMS Defendants did respond, stating that costs and fees should not be assessed against them because the Marathon Defendants were the removing party and CMS only consented to the removal.

An award under § 1447(c) is a matter committed to the district court's discretion. *Bartholomew v. Town of Collierville*, 409 F.3d 684, 686 (6th Cir. 2005). The standard governing this discretion is set forth in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S. Ct. 704 (2005):

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Id.* at 141, 126 S. Ct. at 711. A court need not find that the improper removal was motivated by bad faith or an improper purpose in order to award fees under § 1447(c). *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993).

Regarding the objective reasonableness of the removal, even if the removal was timely and Defendants have a meritorious fraudulent joinder argument, Defendants' waiver rendered the removal objectively unreasonable. While waiver often depends on the circumstances of the individual case, *see BPI Energy, Inc. v. IEC (Montgomery), LLC*, No. 07-186-DRH, 2008 WL 4225843, at *1 (S.D. Ill. Sept. 12, 2008); *NXIVM Corp. v. O'Hara*, 241 F.R.D. 109, 138 (N.D.N.Y. 2007), some circumstances are so compelling that a party cannot reasonably deny that a waiver has

occurred. Such circumstances exist here. Although the CMS Defendants were not the "removing party," they nonetheless consented to the removal and, like the Marathon Defendants, should have recognized that they waived the right to remove or to consent to removal by submitting to the jurisdiction of the state court. *See Chavez*, 15 F. Supp. 2d at 1125. Accordingly, the Court will award Plaintiffs their costs and expenses against all Defendants, jointly and severally, incurred as a result of the removal.

      An Order consistent with this Memorandum Opinion will be entered.


Dated: December 5, 2011                       /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                   UNITED STATES DISTRICT JUDGE